IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JENIFER GORDON and ) | |
| SHANE GORDON, ) | Civil Case No. 7:21cv00509 |
|     Petitioners, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JUDGE BRIAN H. TURPIN, ) | |
| MARY PENDLETON of the ) | By:   Hon. Thomas T. Cullen |
| Pittsylvania County Commonwealth ) |         United States District Judge |
| Attorney's Office, and SHERIFF ) | |
| MICHAEL W. TAYLOR, ) | |
|     Respondents. ) | |

    Jenifer Gordon and Shane Gordon, *pro se*, have filed a petition for a Writ of Habeas Corpus under 28 U.S.C. § 2242. The named defendants are: the Hon. Brian H. Turpin, Chief Judge of the Pittsylvania County Juvenile and Domestic Relations Court; Mary Pendleton, an attorney with the Pittsylvania Commonwealth Attorney's Office; and Pittsylvania County Sheriff Michael W. Taylor. The petition arises out of events that began in Pittsylvania County, Virginia, on July 30, 2021, when Ms. Gordon was arrested and charged with strangulation in violation of Virginia Code § 18.2-51.6. She was released on bond on August 3, 2021, and on August 6, she was served with additional charges arising from the July 30 incident. The Juvenile and Domestic Relations Court presided over a preliminary hearing and certified the matter to the Grand Jury, which issued five indictments on October 18, 2021.[1] The matter is currently

---

[1] The five indictments included two for strangulation, two for obstruction of justice, and one for assault and battery on a police officer.

scheduled for trial in the Pittsylvania County Circuit Court on January 18, 2022.[2] For the reasons stated below, the court will dismiss the petition.

### A. Standing

Ms. Gordon has been arrested on charges and released on bond. Because of her status as a person whose liberty is restrained, she is a proper party to seek habeas relief. But Petitioner Shane Gordon, her husband, has no similar legal restraint on his liberty and is not a proper party to this suit, either individually or as a "next friend." To have individual standing, Mr. Gordon must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). To serve as a "next friend" for his wife, he must provide an adequate explanation, such as mental incompetence or other disability, as to why she cannot bring the action herself. *Hamdi v. Rumsfeld*, 294 F.3d 598, 602–03 (4th Cir. 2002). Mr. Gordon fails to meet either requirement, so the petition will be dismissed for lack of standing as to him.

### B. Jurisdiction

As noted above, this matter has not yet been tried in state court, and Petitioner Jenifer Gordon remains on bond pending trial. When a person challenges state custody, two different

---

[2] The court takes judicial notice of the procedural posture of the case in Pittsylvania County, as reported on the Virginia Courts Case Information website. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

statutes provide potential jurisdiction for a habeas petition.[3] First, 28 U.S.C. § 2254 permits a federal court to intervene only on "behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* (emphasis added). While the petition certainly alleges violations of the United States Constitution, Ms. Gordon's status on bond is not pursuant to a final, state court judgment. Accordingly, no jurisdiction lies to consider her habeas petition under that statute. *Accord Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

The second statute applicable to state prisoners is 28 U.S.C. § 2241(c)(3), which gives federal courts jurisdiction over a petitioner alleging that he "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* The statute does not limit the court's consideration to cases in which a final judgment has been entered. Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, which applies to one in custody "regardless of whether final judgment has been rendered and regardless of the present status of the case against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). The purpose of habeas corpus is to test the legality of one's detention. *Id.* The determinative question, then, is whether Ms. Gordon is "in custody," given that she has been released on bond.

Use of habeas corpus in the United States has not been limited to situations in which the petitioner is in actual, physical custody. *Jones v. Cunningham*, 371 U.S. 236, 239 (1963). Individuals under parole or probation supervision, which involve significant restraints on a person's liberty, are deemed "in custody" for habeas purposes. *Id.* at 242. Likewise, a person who is on bond pending appeal or other post-conviction remedies is "in custody" for habeas

---

[3] Section 2242 of Title 28, invoked by Petitioners, is not a jurisdictional statute. The section merely describes the form and contents required in an application for habeas corpus.

purposes. *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). In both situations, the restraints on a person's liberty exceed those imposed by the state on the general public. *Jones*, 371 U.S. at 242. In *Hensley*, the Court observed that its decision would not "open the doors of the district courts to the habeas corpus petitions of all persons released on bail," because a state defendant released on bail pending trial must still contend with exhaustion requirements before seeking relief in federal court. *Hensley*, 411 U.S. at 353. Section 2241 is an appropriate vehicle for Ms. Gordon to pursue her habeas claim, provided all other requirements are met.

**C. Exhaustion**

Although § 2254 contains an express jurisdiction exhaustion require, § 2241 does not. But a judicially created doctrine of exhaustion has developed, based on federalism and comity, to protect the state courts' interest in addressing constitutional issues in the first instance, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.2d at 225. The Supreme Court recognized as much in *Hensley*. 411 U.S. at 353 ("[W]e emphasize that our decision does not open the doors of the district courts to the habeas corpus petitions of all persons released on bail. . . . Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts.").

Under the exhaustion doctrine, a petitioner must present her federal constitutional claims to the highest state court, on the merits, before she is entitled to seek habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In this case, that means Ms. Gordon's claims must first be properly presented to the Supreme Court of Virginia, either on direct appeal from the trial court's decision or in a properly filed state habeas petition in the Supreme Court

of Virginia, s*ee* Va. Code § 8.01-654(A), before the matter may be considered by the federal court. Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that she seeks to present to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1955); *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 732.

The exhaustion jurisprudence developed under § 2241 distinguishes between pretrial habeas claims that "disrupt the orderly functioning of a state's judicial processes[,]" and those claims that seek to enforce a right that will be irreparably harmed if federal habeas relief is not granted. *Dickerson*, 816 F.2d at 227. The only pretrial claims that have avoided strict application of the exhaustion doctrine (in appropriate circumstances) are double jeopardy and speedy trial claims. Double jeopardy claims are excused because they seek to prevent the very harm that the double jeopardy clause is supposed to prevent—the cost, aggravation, and undue infringement upon liberty arising from an improper second trial. *See Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992). Speedy trial claims are excused because, in those claims, a petitioner is generally seeking to compel the state to bring him to trial in a timely fashion, rather than trying to get the case dismissed for failure to do so. *Dickerson*, 816 F.2d at 226. Based on her pleadings, Ms. Gordon does not appear to be raising either type of claim, so the exhaustion requirement is not excused.

Because Gordon's trial has not yet occurred, there has been no appeal to the Supreme Court of Virginia. Further, the Virginia Courts Case Information website does not reflect that any state petition for habeas corpus has been filed, either in Circuit Court or in the Supreme

Court of Virginia, nor could one reasonably be filed before the underlying criminal case has gone to trial. Thus, Ms. Gordon has not exhausted her state court remedies, and her failure to exhaust those remedies is fatal to any federal claim that she raises now.

### D. *Younger* Abstention Doctrine

In addition, Ms. Gordon's petition is not cognizable under *Younger v. Harris*, 401 U.S. 37 (1971), and the attendant legal doctrine known as *Younger* Abstention. In *Younger*, the Court noted that, from the earliest days of this nation, the bedrock constitutional principle of federalism and the laws of the United States have manifested an intent to allow state courts to operate without unwarranted interference by federal courts. *Id.* at 43. Federal courts thus should abstain from intervening in state law matters so long as adequate state remedies are available to the parties and one will not suffer irreparable injury by exhausting those remedies first. *Id.* The cost, anxiety, and inconvenience of defending against a criminal prosecution are *not* considered irreparable injuries in this context. *Id.* at 46. As explained by the Fourth Circuit, the *Younger* doctrine requires a federal court to abstain from exercising jurisdiction and interfering with a state criminal matter if: (1) there is an ongoing state judicial proceeding brought before the federal claim; (2) the state proceeding involves important state interests; and (3) the state proceedings provide adequate opportunity to raise constitutional challenges. *Nivens v. Gilchrist*, 444 F.3d 237 (2006). The only exception to this doctrine arises when extraordinary circumstances present a threat of immediate and irreparable injury. *See, e.g., Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) (holding that alleged violation of the Double Jeopardy Clause is an exception to the *Younger* doctrine and allowing habeas petitioner to seek an order enjoining petitioner's retrial for murder when first trial resulted in a hung jury,

following which the trial court dismissed the charges in furtherance of justice because the evidence was insufficient to support a conviction).

As applied to Ms. Gordon's claim, there is an ongoing proceeding against her in Pittsylvania County Circuit Court. The criminal prosecution began on July 30, 2021, and the trial has not yet been held. The state has an important interest in enforcing its criminal laws, especially those proscribing violence and protecting minors. Moreover, Virginia rules of procedure provide ample opportunity for Ms. Gordon to raise constitutional challenges to her arrest, interrogation, and due process rights, as well as an opportunity to challenge the sufficiency of the state's evidence. And Ms. Gordon has not plausibly alleged extraordinary circumstances arising from her run-of-the mill state criminal prosecution that establish a colorable threat of irreparable constitutional injury. In short, this case is precisely the kind of case in which *Younger* requires a federal court to abstain from interfering with a state's judicial process.

### E. Remedies

When an order of habeas corpus is appropriate—that is, when a court finds that a person is being held in violation of the Constitution or laws of the United States—the remedy provided by law is an order that a petitioner be released from unlawful custody. No other remedies are appropriate in an action of habeas corpus. Petitioner's request that "these fraudulent charges be dismissed" (Pet. Aff't at 21 [ECF No. 1]) is not an appropriate function of habeas corpus when the charges are still pending and have not been fully addressed by the state courts. *See Younger*, 401 U.S. at 403; *Dickerson*, 816 F.2d at 227. Nor is her request that "all

personnel involved with this kidnapping be arrested and prosecuted" (Pet. Aff't at 22) an appropriate habeas remedy.

### F. Conclusion

Because Shane Gordon has no standing in this matter, the petition will be dismissed as to him. Because Jenifer Gordon's claims have not been exhausted in state court and the state charges are still pending trial, her petition for habeas corpus will be dismissed without prejudice.

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to petitioners.

**ENTERED** this 8th day of December, 2021.

>  /s/ Thomas T. Cullen
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE